```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

ROBERT L. RUTZ                                              PLAINTIFF

        v.        Civil No. 12-5024

DISCOVER FINANCIAL SERVICES;
NATIONAL ARBITRATION FORUM, INC.;
NATIONAL ARBITRATION FORUM, LLC;
DISPUTE MANAGEMENT SERVICES, LLC
(d/b/a FORTHRIGHT);
ACCRETIVE, LLC; and AGORA                                  DEFENDANTS

# O R D E R

Now on this 25th day of September, 2012, comes on for consideration the following motions:

    *   **Defendant Discover Financial Services' Motion to Dismiss Plaintiff's Second and Third Amended Complaints** [document #27 filed August 1, 2012 -- (D#27 Motion)];

    *   plaintiff's **Motion to Reconsider Order [26] Granting Motion to Dismiss for Failure to State a Claim [10]** [document #29 filed August 20, 2012 -- (P#29 Motion)];

    *   plaintiff's **Motion for Summary Judgment** [document #31 filed September 12, 2012 -- (P#31 Motion)];

    *   plaintiff's **Motion to Amend Complaint by Naming and Serving Does 6-15** [document #32 filed September 21, 2012 -- (P#32 Motion)]; and

    *   **Defendant Discover Financial Services' Motion for Extension of Time to Respond to Plaintiff's Summary Judgment**

**Motion** [document #33 filed September 24, 2012 -- (D#33 Motion)].

The Court has considered the said motions and, being well and sufficiently advised, finds and orders as follows with respect to them:

1. Plaintiff, Robert L. Rutz, acting pro se, filed this action against Discover Financial Services on February 7, 2012, alleging reverse domain-name hijacking under 15 U.S.C. § 1114(2)(D)(v).

Plaintiff's initial complaint was amended on April 16, 2012 (First Amended Complaint), to include additional background information.

The initial complaint was further amended on July 18, 2012 (Second and Third Amended Complaints), to allege:

> * breach of contract and "tortious selective enforcement" against Discover; and
> * violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) against Discover and five additional defendants.

In filing his amended complaints, Mr. Rutz invoked Local Rule 5.5(e) -- explaining that the amendments were intended to be continuations of his original complaint and that all prior pleadings were incorporated.

2. On March 22, 2012, Discover moved to dismiss the original complaint for failure to state a claim on which relief

could be granted -- and Discover's arguments for dismissal were later applied to the First Amended Complaint, as well.

In its July 18, 2012, Order (document #26), the Court granted Discover's motion to dismiss the claims in the original and First Amended Complaints -- thereby leaving only the RICO, breach-of-contract, and "tortious selective enforcement" claims to be litigated.

In light of that background, the Court now turns to discussions of the various motions mentioned.

3.   Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain, among other things, a short and plain statement of the claim showing that the complainant is entitled to relief. To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient facts stating a claim that is plausible on its face and will allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of deciding the motion, the Court takes the alleged facts as true, construing all reasonable inferences arising from the complaint in the light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Levy v. Ohl*, 477 F.3d 988, 991 (8th

Cir. 2007).

    4.   Plaintiff's Second and Third Amended Complaints purport to set forth several claims which may be identified and discussed as follows:

* RICO Claims;
* Breach of Contract Claim; and
* "Tortious Selective Enforcement" Claim.

Each of these claims will be discussed in turn with respect to Defendant's said D#27 Motion.

    (a) **RICO Claims** -- Applicable law provides that it is unlawful for any person, through a pattern of racketeering activity -- or through collection of an unlawful debt -- to acquire or maintain any interest in or control of an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. 18 U.S.C. § 1962(c). And, likewise, it is unlawful for any person to conspire to violate the provisions of this section. 18 U.S.C. § 1962(d). Mr. Rutz has alleged violations under both of these subsections.

    (1) In his Second Amended Complaint, Mr. Rutz incorporates paragraphs 85-94 of his first Amended Complaint (document #14), which state that the defendants have operated and managed a legal entity enterprise, or alternatively, an association-in-fact enterprise, to obtain money and property from "Plaintiff" through a pattern of mail and wire fraud --

specifically by engaging in "improper arbitration practices." Mr. Rutz further incorporates paragraphs 96-98, which state that "the defendants" conspired to commit these RICO violations.

    (2) The first Amended Complaint, as incorporated by the Second Amended Complaint, states the following with respect to RICO:

* that the National Arbitration Forum issued a series of public statements touting its impartiality (document #14, paragraph 29);

* that the National Arbitration Forum, Inc. (NAF, Inc.), National Arbitration Forum, LLC (NAF, LLC), and Dispute Management Services, LLC d/b/a Forthright (Forthright) assisted the "Creditor Defendants"[1] in drafting arbitration clauses for inclusion in consumer contracts and in drafting actual claims against consumers (document #14, paragraph 91);

* that the "Creditor Defendants" directed NAF, Inc., NAF, LLC, and Forthright to employ specific arbitrators and to render specific decisions in the "Creditor Defendants'" favor (document #14, paragraph 92);

* that the "Creditor Defendants" sent to arbitrators judgment forms that were already filled out, so that all that

---

[1] This section of the first Amended Complaint is a reproduction of a complaint in an unrelated Minnesota case, *Michael Kroll v. National Arbitration Forum, Inc., et al.*, which involved several of the same parties. The "Creditor Defendants" include American Express, Bank of America, MBNA Corporation, Wells Fargo, Wachovia, Capital One Financial Corporation, Capital One Bank (USA), N.A., Capital One, N.A., J.P. Morgan Chase, Citigroup, and Discover Card (document #14, paragraph 22).

-5-

      needed to be done was check a box and sign one's name (document #14, paragraph 92(1));

*   that the "Creditor Defendants" called arbitrators and instructed them to change adverse decisions (document #14, paragraph 92(2));

*   that the "Creditor Defendants" prohibited "the Forum" from employing arbitrators who ruled adversely to the "Creditor Defendants" (document #14, paragraph 92(3)); and

*   that the "Creditor Defendants" drafted claim forms and fictitious affidavits of service, including the placement of stored electronic signatures on documents (document #14, paragraph 92(4)).

The pleading further states

*   that "the misstatements described in the allegations set forth above" were sent through wire communications, including the Internet;

*   that the defendants mailed "sham arbitration clauses" in contracts that were materially false and misleading; and

*   that all arbitration documents, including those used in "Plaintiff's" arbitration, were sent through the U.S. mail or via the wires on the Internet or otherwise (document #14, paragraph 93).

It then states that the misconduct was carried out between 2007 and 2009, when the National Arbitration Forum ceased handling

-6-

consumer arbitrations (document #14, paragraph 94).

(3) As the basis for its motion to dismiss the RICO claims, Discover argues that Mr. Rutz has failed to plead and prove a pattern of racketeering activity. It contends that "racketeering activity" is defined in 18 U.S.C. § 1961(1), which sets out an exclusive list of crimes that may constitute racketeering activity -- none of which relate to domain-name disputes or arbitration proceedings. Thus, Discover contends that Mr. Rutz has not alleged a predicate act racketeering crime.

Discover further argues that the complaint lacks sufficient particularity of the "who, what, when, where, and how" to satisfy the pleading requirements.

(4) Because Mr. Rutz's pleadings have been filed piecemeal (with certain sections offered initially as "examples" that are later incorporated by amended pleadings), it is difficult to pinpoint the substance of his RICO claims.

(5) Much of what Mr. Rutz has incorporated into his Second and Third Amended Complaints is inapplicable to this case since it relates to credit-card debt arbitrations conducted between 2007 and 2009. As best the Court can determine, Mr. Rutz's experience with the National Arbitration Forum occurred between December 2011 and January 2012 -- and the dispute involved domain-name registration.

(6) It appears to the Court that Mr. Rutz has attempted

to adopt the claims made in the complaint involved in the case of *Kroll v. National Arbitration Forum, Inc.* -- by simply substituting is name for that of Michael Kroll and then attempting to apply Kroll's arguments to his own situation in this case.

Such an effort is inappropriate in federal court pleading practice. While it might well be that the *Kroll* complaint contains facts sufficient to plead a RICO violation as to Michael Kroll and his consumer-debt dispute, it does not properly plead a RICO violation as to Mr. Rutz and his domain-name dispute with Discover. As so drafted, Mr. Rutz's pleadings -- when read together as Local Rule 5.5(e) permits the Court to do -- fail to explain what racketeering crime Discover allegedly committed against him or how the misconduct established a pattern of racketeering activity.

The Court, therefore, concludes that the Second and Third Amended Complaints fail to state a civil RICO claim against Discover upon which relief may be granted -- and Discover's motion to dismiss (D#27 Motion) will be granted on that allegation.

(b) **Breach of Contract Claim** -- The Court next considers Mr. Rutz's contention that Discover knowingly enabled a breach of contract by the domain-name registrar GoDaddy.com. The elements of tortious interference with a contractual relationship are

* the existence of a valid contractual relationship;
* knowledge of the relationship on the part of the

>    interfering party;
>
>    *    intentional interference inducing or causing a breach of the contract; and
>
>    *    resultant damage to the party whose relationship has been disrupted.

*Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 444, 47 S.W.3d 866, 875 (2001).

(1) Discover argues that Mr. Rutz has failed to plead any facts supporting his allegation that Discover induced a breach. Mr. Rutz argues to the contrary.

(2) In Section P. of the Second Amended Complaint (document #20, pages 79-80), Mr. Rutz states that, although his contract with GoDaddy.com obligated him to submit to an arbitration, the procedure that took place before the National Arbitration Forum was not an arbitration. He further alleges that Discover "knowingly enabled this Breach of Contract."

Mr. Rutz goes on to argue that the ten days allowed for filing a response in federal court to the arbitrator's decision is unconscionable because it creates "'cruel and unusual' strain, stress, and life-disrupting results" for the person filing the response.

Other than the bare assertions that no arbitration took place and that Discover was to blame for that breach, Mr. Rutz has not stated any facts to support a claim of breach of contract or

-9-

tortious interference.

The Court, therefore, concludes that the Second and Third Amended Complaints fail to state a breach of contract claim against Discover upon which relief may be granted -- and Discover's motion to dismiss (D#27 Motion) will be granted on that allegation.

(c) **"Tortious Selective Enforcement" Claim** -- Mr. Rutz's final claim is that Discover exhibited bad faith in its "tortious selective enforcement" of its trademark rights in the word "Discover."

(1) Mr. Rutz has stated no legal basis for this claim, but it appears he attempts to state a claim of malicious prosecution. To effectively plead such a claim, Mr. Rutz must show the following:

* a proceeding was brought or maintained by the defendant against the plaintiff;
* the proceeding was terminated in favor of the plaintiff;
* the defendant lacked probable cause to bring the proceeding;
* the defendant brought the proceeding with malice; and
* the plaintiff suffered damages.

*Milton Hambrice, Inc. v. State Farm Fire & Cas. Co.*, 114 F.3d 722, 724 (8th Cir. 1997).

(2) This claim is discussed in Section Q. of the Second

Amended Complaint (document #20, pages 80-81) and consists of only two sentences. In those two sentences, Mr. Rutz alleges only that "[o]ut of the hundreds of thousands ... of trade marks and domain names, the selection of Rutz to prosecute is the epitome of Bad Faith." He states no other facts to support a claim of malicious prosecution. What he has stated is not sufficient.

The Court, therefore, concludes that the Second and Third Amended Complaints fail to state a claim for either "Tortious Selective Enforcement" or malicious prosecution against Discover upon which relief may be granted -- and Discover's motion to dismiss (D#27 Motion) will be granted on these allegations.

5. **P#29 Motion -- (Motion To Reconsider)** -- Simultaneously with and as part of the same document as his response to the Motion to Dismiss (the D#27 Motion), Mr. Rutz filed his Motion to Reconsider this Court's dismissal of his original and first Amended Complaints -- the D#29 Motion.

(a) In this motion, Mr. Rutz insists that the Court improperly viewed his lawsuit as an appeal of the arbitration ruling against him. He then dedicates several pages to re-arguing his previous pleadings.

(b) While it is undisputed that this lawsuit was filed in response to the adverse arbitration ruling against Mr. Rutz, the previous arbitration has in no way affected the Court's consideration of the claims sought to be asserted in this lawsuit

-- and Mr. Rutz has alleged no facts which would call that assertion into question.

(3) Mr. Rutz has simply failed to plead facts sufficient to support the claims he has attempted to make -- which failure has necessarily led to dismissal of those claims. His contention that previous lack of success before the National Arbitration Forum had some bearing on this outcome is baseless and without merit.

(4)  Because he has stated no errors of law or fact for the Court to reconsider, Mr. Rutz's motion for reconsideration (the P#29 Motion) will be denied.

6. **P#31 Motion (Plaintiff's Motion For Summary Judgment)** -- Based on the foregoing, Mr. Rutz's Motion for Summary Judgment (the P#31 Motion) is obviously without merit and will be denied.

7. **P#32 Motion (Plaintiff's Motion To Amend Complaint by Naming and Serving Does 6-15)** -- Mr. Rutz's latest Motion to Amend seeks to add ten more defendants to his RICO claims. Those ten are:

* American Express;
* Bank of America;
* MBNA Corporation;
* Wells Fargo:
* Wachovia;
* Capital One Financial Corporation;

* Capital One Bank (USA), N.A.;

* Capital One, N.A.;

* J.P. Morgan Chase; and

* Citigroup, Inc.

These appear to be the remaining ten defendants named in the *Kroll v. National Arbitration Forum, Inc.* case which -- as previously noted -- Mr. Rutz has improperly attempted to replicate.

(a) Whether to grant or deny a plaintiff's motion to amend his pleading is within the sound discretion of the Court. *Popoalli v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). The Court should freely grant such a motion when justice so requires. Fed. R. Civ. P. 15(a)(2). However, the Court may properly deny the motion when amendment would be futile. *Popoalli*, 512 F.3d at 497.

(b) Because the Court has already found that Mr. Rutz failed to state a RICO claim upon which relief may be granted, amending his pleadings to add ten more defendants to that claim would be futile. Therefore, this motion will be denied.

8. **D#33 Motion (Defendant Discover Financial Services' Motion For Extension of Time to Respond to Plaintiff's Summary Judgment Motion)** -- In light of the Court's summary denial of Plaintiff's Motion for Summary Judgment (the P#31 Motion), Discover's motion for an extension of time to respond to the

summary judgment motion will be denied as moot.

**IT IS THEREFORE ORDERED** that

\*    **Defendant Discover Financial Services' Motion to Dismiss Plaintiff's Second and Third Amended Complaints** (document #27) is hereby **granted**;

\*    plaintiff's **Motion to Reconsider Order [26] Granting Motion to Dismiss for Failure to State a Claim [10]** (document #29) is hereby **denied;**;

\*    plaintiff's **Motion for Summary Judgment** (document #31) is hereby **denied;**

\*    plaintiff's **Motion to Amend Complaint by Naming and Serving Does 6-15** (document #32) is hereby **denied;** and

\*    **Defendant Discover Financial Services' Motion for Extension of Time to Respond to Plaintiff's Summary Judgment Motion** (document #33) is hereby **denied as moot.**

A formal order dismissing this case will be entered separately.

**IT IS SO ORDERED.**

 /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**